FILED

2019 FEB -4 AM 9:03

U.S. DISTRICT COURT
N. DISTRICT OF OHIO
CLEVELAND

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | **JUDGE NUGENT** |
| Petitioner, | |
| v. | Misc. No. |
| **FULLY ACCOUNTABLE, LLC,** and | 5:19 MC 21 |
| **SARAH SCAVA,** | |
| Respondents. | |

## FEDERAL TRADE COMMISSION'S PETITION TO ENFORCE
## CIVIL INVESTIGATIVE DEMANDS

The Federal Trade Commission respectfully petitions this Court pursuant to Section 20 of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 57b-1, to issue an order to show cause and thereby commence a proceeding to enforce civil investigative demands (CIDs) for testimony issued to Respondent Fully Accountable, LLC, and Respondent Sarah Scava.[1] Fully Accountable provides

---

[1] This is a summary proceeding that is properly instituted by a petition and order to show cause (rather than a complaint and summons). *See, e.g., United States v. Markwood*, 48 F.3d 969, 980-983 (6th Cir. 1995) (approving use of order to show cause and citing, *inter alia, United States v. Will*, 671 F.2d 963, 968 (6th Cir. 1982)).

services such as business consulting, accounting, and assistance in credit card payment processing. The FTC is investigating whether Fully Accountable, its clients, or related entities or individuals have made deceptive or unsubstantiated representations in connection with the marketing of health-related products, or have unlawfully charged or participated in the charging of consumers for products without the consumers' authorization. The Commission issued these CIDs seeking testimony from Fully Accountable as an entity and from Ms. Scava, a former employee of Fully Accountable, in her individual capacity.

As set forth in greater detail in the accompanying memorandum, both recipients have refused to comply. Fully Accountable filed with the FTC an administrative petition to quash the CID received, and a non-party called Elevated Health, LLC, filed a similar petition to quash the CID issued to Ms. Scava. The Commission denied both petitions, finding they were without merit and—as to Elevated Health's petition—not properly before the Commission. Accordingly, the Commission ordered both Fully Accountable and Ms. Scava to appear for testimony. Both have continued to refuse. Because this noncompliance is unjustified and impedes the Commission's investigation, the Court should enforce the CIDs and direct that Fully Accountable and Ms. Scava appear for investigative hearings within 10 days.

---

In operation, these FTC proceedings resemble proceedings to enforce IRS summons. *See, e.g., United States v. Maunz*, No. 3:11-mc-00013-JZ (N.D. Ohio 2011). The Commission has previously used such procedures in CID enforcement proceedings in this Court. *See, e.g., FTC v. Infante*, No 4:17-mc-00008-CAB (N.D. Ohio, filed Feb. 7, 2017).

The Commission herewith submits the Declaration of Harris Senturia, designated as Petitioner's Exhibit (Pet. Ex.) 1, to verify the allegations herein. The Commission also submits the following additional exhibits:

| | |
|---|---|
| Pet. Ex. 2 | Civil Investigative Demand to Fully Accountable, LLC (Sept. 10, 2018); |
| Pet. Ex. 3 | Civil Investigative Demand to Sarah Scava (Sept. 10, 2018); |
| Pet. Ex. 4 | Fully Accountable, LLC's Petition to Limit or Quash Civil Investigative Demand (Oct. 5, 2018); |
| Pet. Ex. 5 | Non-Party Elevated Health, LLC's Petition to Limit or Quash Civil Investigative Demand (Oct. 5, 2018); |
| Pet. Ex. 6 | Order Denying Petitions to Limit or Quash Civil Investigative Demands (Nov. 19, 2018)[2]; |
| Pet. Ex. 7 | Email chain between Rachel Scava and Harris Senturia re: Investigational hearings this week (Nov. 26-28, 2018). |

## Jurisdiction and Venue

1. This Court has jurisdiction to enforce the Commission's duly issued CIDs under Sections 20(e) and (h) of the FTC Act, 15 U.S.C. §§ 57b-1(e), (h). This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

2. Venue is proper in this judicial district under Section 20(e) of the FTC Act, 15 U.S.C. § 57b-1(e), because both Respondents are found, reside, and transact business here. Pet. Ex. 1, ¶¶ 3-4; *see also* ¶¶ 9-11, *infra*. Venue is also proper under 28 U.S.C. § 1391.

---

[2] This document is attached without its exhibits, two of which are the CIDs attached hereto as Pet. Exs. 2 and 3. The remaining exhibit to the Commission's order is its original 2017 CID. That document is Pet. Ex. 2 in *FTC v. Fully Accountable, LLC*, 5:18-mc-00054-SL (N.D. Ohio), Doc. 1-2.

## The Parties

3. Petitioner, the Federal Trade Commission, is an administrative agency of the United States, organized and existing under the FTC Act, 15 U.S.C. §§ 41 *et seq.*

4. The Commission has broad statutory authority to address unfair or deceptive acts or practices. For instance, Section 5(a) of the FTC Act prohibits, and directs the Commission to combat, unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce. 15 U.S.C. § 45(a)(1). Section 12 of the FTC Act further prohibits false advertising for the purpose of inducing, directly or indirectly, the purchase of food, drugs, devices, services, or cosmetics. 15 U.S.C. § 52.

5. The FTC Act empowers the agency to investigate potential violations of these laws. Sections 3 and 6(a) of the FTC Act, 15 U.S.C. §§ 43, 46(a), authorize the Commission to conduct investigations nationwide and to gather information on any "person, partnership, or corporation[,]" and Section 20(c) of the FTC Act, 15 U.S.C. § 57b-1(c), authorizes the Commission to issue CIDs requiring the recipients to produce documents, prepare answers to interrogatories, and provide oral testimony under oath.

6. The Commission has promulgated three resolutions pertinent to this case authorizing its staff to investigate various potential violations of the FTC Act and to use compulsory process to secure information related to the potential violations. The first resolution, File No. 0023191, authorizes the use of process to

investigate whether entities are "directly or indirectly" "misrepresenting the safety or efficacy" of "dietary supplements, foods, drugs, devices, or any other product or service intended to provide a health benefit" on the grounds that such conduct could amount to "unfair or deceptive acts or practices or . . . false advertising . . . in violation of Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 52." Pet. Ex. 2 at 9; Pet. Ex. 3 at 10.

7. The second resolution, File No. 9923259, authorizes the use of compulsory process to investigate whether entities are engaging in, among other actions, "deceptive or unfair practices involving Internet-related goods or services." If such conduct is taking place, it could violate Sections 5 or 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45, 52. Pet. Ex. 2 at 10; Pet. Ex. 3 at 11.

8. The third resolution, File No. 082-3247, authorizes the use of process to determine if entities "have engaged in or are engaging in deceptive or unfair practices . . . *in connection with* making unauthorized charges or debits to consumers' accounts." Pet. Ex. 2 at 11; Pet. Ex. 3 at 12 (emphasis added). If such conduct is occurring, it could violate Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and/or the Electronic Fund Transfer Act, 15 U.S.C. § 1693, et seq. *Id.*

9. Respondent Fully Accountable, LLC, is based in Fairlawn, Ohio. Fully Accountable markets itself as a "Back Office Solution" specializing in providing services to internet marketers. These services include compiling and reporting financial statistics, accounting and bookkeeping, business consulting, and assisting

its clients to obtain and manage credit card payment processing accounts. Pet. Ex. 1, ¶ 3.

10. Fully Accountable is the subject of a prior CID enforcement proceeding, *FTC v. Fully Accountable, LLC*, 5:18-mc-00054-SL (N.D. Ohio filed June 8, 2018) [hereinafter "*Fully Accountable I*"]. That proceeding led to an order enforcing the CID, issued by Judge Sara Lioi on August 13, 2018. *See id.*, Doc. 14.

11. Sarah Scava is an individual whose last known address is in Wadsworth, Ohio. Ms. Scava was formerly employed by Fully Accountable. During her time at Fully Accountable, Ms. Scava established and was involved with a company called Elevated Health, LLC. Pet. Ex. 1, ¶ 4.

**The Commission's Investigation and Civil Investigative Demand**

12. This investigation seeks to determine whether Fully Accountable violates the FTC Act through its associations with, and the services it provided to, two groups of entities (referred to as "Group A" and "Group B"). These two Groups were both involved in marketing several types of consumer products on line, including various health or dietary supplements and skin creams. The Commission had received complaints regarding unauthorized charges to consumer accounts in connection with these sales. Pet. Ex. 1, ¶¶ 5-6.

13. Acting pursuant to the investigational resolutions described in paragraphs 6-8 above, on September 21, 2017, the Commission issued a CID to Fully Accountable directing it to produce certain documents and respond to interrogatories. That CID also included a statement of the "Subject of Investigation"

that specifically notified Fully Accountable how the FTC was using its investigative authority in this instance. It stated that the FTC was investigating

> [w]hether Fully Accountable, the Group A Entities, or the Group B Entities . . . and related entities or individuals, have made or participated in making, in any respect, false, misleading, or unsubstantiated representations in connection with the marketing of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45 and 52, or have engaged in deceptive or unfair acts or practices by charging or participating in the charging, in any respect, for consumer products without consumers' authorization, in violation of Section 5 of the FTC Act, and whether Commission action to obtain monetary relief would be in the public interest.

*Fully Accountable I*, Doc. 1-2 at 7.

14. Fully Accountable failed to comply with this CID, however, and on June 8, 2018, the Commission commenced an enforcement proceeding in this Court. *See Fully Accountable I*; Pet. Ex. 1, ¶ 11.[3] That proceeding resulted in an order of the Court on August 13, 2018, enforcing the Commission's CID and directing Fully Accountable "to comply in full . . . and produce . . . all responsive documents and information required by the civil investigative demand" within 10 days of the date of the Order, or by August 23, 2018. *Fully Accountable I*, Doc. 14 at 2.

15. Fully Accountable provided some information on August 18, 2018, and provided a certificate attesting to its compliance with the CID on August 23, 2018. Pet. Ex. 1, ¶ 13. The investigating FTC staff reviewed this information, however, and identified several deficiencies and inconsistencies. Pet. Ex. 1, ¶ 14. For example, Fully Accountable failed to provide complete information about its former

---

[3] For a complete description of Fully Accountable's failure to comply with the original CID, see the Declaration of Harris Senturia dated June 5, 2018. *Fully Accountable I*, Doc. 1-1.

employees. In other instances, the company changed its position in its supplemental response and produced information and documents that it previously claimed it lacked. Finally, the company provided corrected or expanded supplemental responses to several specifications, confirming that its initial response was not complete despite what it had certified. *Id.*

16. To explore these deficiencies and inconsistencies, to assess Fully Accountable's compliance with this Court's August 13, 2018, order, and to move the investigation forward, the Commission issued two new CIDs on September 10, 2018. One of these CIDs was to Fully Accountable for testimony from the entity pursuant to Commission Rule 2.7(h), 16 C.F.R. § 2.7(h); the other was to Sarah Scava for testimony in her individual capacity. Pet. Ex. 1, ¶¶ 15, 19.

17. As with the Commission's original September 2017 CID, these new CIDs issued under the three resolutions described in paragraphs 6-8 above. Pet. Ex. 2 at 9-11; Pet. Ex. 3 at 10-12. In addition, each of the new CIDs contained the same "Subject of Investigation" notification quoted in paragraph 13 above. Pet. Ex. 2 at 5-6; Pet. Ex. 3 at 5-6.

18. In issuing the CIDs, the Commission followed all the procedures and requirements of the FTC Act and its Rules of Practice and Procedure. *See, e.g.*, 15 U.S.C. §§ 57b-1(c)(2), (c)(6), (c)(7); 16 C.F.R. § 2.7. The CIDs were properly signed by a Commissioner as required by Section 20 of the FTC Act, here, Rohit Chopra. *See* Pet. Ex. 2 at 3; Pet. Ex. 3 at 3; *see also* 15 U.S.C. § 57b-1(i); 16 C.F.R. § 2.7(a). The CIDs were also properly served on Fully Accountable, via counsel, and on Sarah

Scava. *See* Pet. Ex. 1, ¶ 22; *see also* 15 U.S.C. §§ 57b-1(c)(8), (c)(9); 16 C.F.R. § 4.4(a)(3).

19. On October 5, 2018, Fully Accountable filed with the Commission a petition to limit or quash the CID it received. Pet. Ex. 4; Pet. Ex. 1, ¶ 26. That same day, Elevated Health, LLC, a non-party, filed with the Commission a petition to limit or quash the CID issued to Sarah Scava. Pet. Ex. 5; Pet. Ex. 1, ¶ 27. On November 19, 2018, the Commission issued an order that jointly denied both petitions and directed Sarah Scava to appear for testimony on November 29, 2018, and Fully Accountable to appear for testimony on November 30, 2018. Pet. Ex. 6; Pet. Ex. 1, ¶ 28.

20. On November 28, 2018, counsel for Fully Accountable and Sarah Scava informed the FTC that both had filed a "Petition to Enforce Petition to Quash or Limit" in *Fully Accountable I* seeking to quash the CIDs and that neither would appear "until the determination was made by the Court." Pet. Ex. 7 at 1. The Commission is filing a response to that petition concurrently with the filing of this enforcement action.

21. The refusal by Fully Accountable and Sarah Scava to comply with the September 10, 2018, CIDs has materially impeded the Commission's ongoing investigation. Pet. Ex. 1, ¶ 31.

## Prayer For Relief

WHEREFORE, the Commission invokes the aid of this Court and prays for:

a.  Immediate issuance of an order, substantially in the form attached, directing Respondents Fully Accountable, LLC, and Sarah Scava to show cause why they should not comply in full with the Commission's CID, and setting forth a briefing schedule; and

b.  A prompt determination of this matter and entry of an order:

    (i)  Compelling Respondents to appear for testimony on the topics specified in the September 10, 2018, CIDs within 10 days of such order;

    (ii) Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

JAMES REILLY DOLAN
Principal Deputy General Counsel

BURKE W. KAPPLER
Attorney

FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., N.W.
Washington, DC 20580
Tel.: (202) 326-2043
Fax: (202) 326-2477
Email: bkappler@ftc.gov

Dated: February __, 2019.