
# Petition Exhibit 1

Declaration of Harris A. Senturia

(Feb. 1, 2019)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Petitioner,<br><br>v.<br><br>**FULLY ACCOUNTABLE, LLC,** and<br><br>**SARAH SCAVA,**<br><br>Respondents. | Misc. No. |

## DECLARATION OF HARRIS A. SENTURIA

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1. I am an attorney employed by the U.S. Federal Trade Commission (FTC or Commission). My business address is Federal Trade Commission, East Central Region, 1111 Superior Avenue, Suite 200, Cleveland, Ohio 44114. I am assigned to the FTC's investigation into Fully Accountable, LLC (FTC File No. 1723195). This investigation seeks to determine if Fully Accountable, certain entities with which it did business, and related entities and individuals, have engaged in deceptive or unfair practices in connection with internet sales of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act (FTC Act), 15 U.S.C. §§ 45, 52. The investigation also seeks to determine whether Fully Accountable and these entities have engaged in deceptive or unfair acts or practices by charging or participating in the charging, in any

Petition Exhibit 1
- 1 -

respect, for consumer products without consumers' authorization, in violation of Section 5 of the FTC Act.

2. I am authorized to execute a declaration verifying the facts that are set forth in the Federal Trade Commission's Petition to Enforce Civil Investigative Demands. I have read the petition and exhibits thereto (hereinafter referred to as Pet. Ex.), and verify that Pet. Ex. 2 through Pet. Ex. 7 are true and correct copies of the original documents. The facts set forth herein are based on my personal knowledge or information made known to me in the course of my official duties.

3. Fully Accountable is an Ohio limited liability company with its principal place of business at 2680 West Market Street, Fairlawn, Ohio 44333. Fully Accountable markets itself as a "Back Office Solution" specializing in providing services to internet marketers. These services include compiling and reporting financial statistics, accounting and bookkeeping, business consulting, and assisting its clients to obtain and manage credit card payment processing accounts.

4. Sarah Scava is an individual whose last known address is in Wadsworth, Ohio. Ms. Scava was formerly employed by Fully Accountable. During her time at Fully Accountable, Ms. Scava established and was involved with a company called Elevated Health, LLC.

5. In 2017, the FTC opened an investigation into Fully Accountable after learning that among Fully Accountable's clients are a group of entities that have marketed online several dietary supplements, including some that purportedly reduce cognitive decline and related diseases and conditions. The FTC also learned

that some consumers complained about these entities' marketing practices, and claimed that the entities made unauthorized charges to consumers' credit cards. Consistent with the terms of the CIDs, I will refer to this group as the "Group A Entities."

6. The FTC also learned that Fully Accountable itself was closely related to a second group of entities that marketed dietary supplements and skin creams online and that were the subject of numerous consumer complaints regarding their marketing practices, including unauthorized charges to consumers' credit cards. Consistent with the terms of the CIDs, I will refer to this group as the "Group B Entities."

7. The Commission issued a CID to Fully Accountable on September 21, 2017 (2017 CID), under the authority of three FTC resolutions, each of which authorizes the use of compulsory process to investigate the conduct at issue.

8. The first resolution, File No. 0023191, authorizes Commission staff to use compulsory process to investigate whether entities are "directly or indirectly" "misrepresenting the safety or efficacy" of "dietary supplements, foods, drugs devices, or any other product intended to provide a health benefit" on the grounds that such conduct could amount to "unfair or deceptive acts or practices or . . . false advertising ... in violation of Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 52."

9. The second resolution, File No. 9923259, authorizes the use of compulsory process to investigate whether entities are engaging in, among other

Petition Exhibit 1
- 3 -

actions, "deceptive or unfair practices involving Internet-related goods or services." If so, such conduct could violate Sections 5 or 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45, 52.

10. The third resolution, File No. 082-3247, authorizes the use of compulsory process to determine if entities "have engaged in or are engaging in deceptive or unfair practices . . . in connection with making unauthorized charges or debits to consumers' accounts." If so, this conduct could violate Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and/or the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.*

11. Fully Accountable failed to comply with the 2017 CID. Although Fully Accountable submitted a notarized Certificate of Compliance, the company in fact provided no documents and only partial or evasive responses to the few answered interrogatories. As a result, on June 8, 2018, the Commission commenced an action in the Northern District of Ohio to enforce the 2017 CID. *FTC v. Fully Accountable, LLC*, 5:18-mc-00054-SL (N.D. Ohio filed June 8, 2018) [hereinafter *Fully Accountable I*].

12. Fully Accountable did not file an opposition to the FTC's Petition to Enforce Civil Investigative Demand; instead the company only filed a Motion for Permanent Seal on June 22, 2018. *Fully Accountable I*, Doc. 8. The Court denied that motion on July 5, 2018. *Id.*, Doc. 11. While the case was pending, Fully Accountable made multiple additional and partial productions of information. On

August 13, 2018, the district court issued an order requiring Fully Accountable to comply fully within 10 days. *Id.*, Doc. 14.

13. On August 17, 2018, Fully Accountable made what it claimed was its final production in response to the 2017 CID. On August 23, 2018, Fully Accountable sent a second Certificate of Compliance, certifying that "all of the documents, information and tangible things" required by the CID had been submitted.

14. As my colleagues and I reviewed the supplemental responses, we observed several deficiencies and inconsistencies, with a few non-exhaustive examples as follows:

[redacted]







15. To explore these and other deficiencies and inconsistencies, to determine whether Fully Accountable had complied with the Court's Order, and to obtain more information in support of the investigation, the Commission issued a second CID to Fully Accountable on September 10, 2018 (2018 Fully Accountable CID). Pet. Ex. 2 at 3. The 2018 Fully Accountable CID seeks only testimony, through what the FTC refers to as an Investigational Hearing. Due to the length of time Fully Accountable had taken to respond to the 2017 CID with written information and documents, and the many questions left unanswered (or generated) by the written responses and documents after nearly a year and after the enforcement proceeding, we concluded that testimony would be the most direct and efficient way to move the investigation forward quickly.

16. The 2018 Fully Accountable CID seeks testimony from that entity on seven topics. These topics included the company's responses to the 2017 CID, the company's document preservation efforts, the company's records management system, and its relationships to Sarah Scava and an entity called Elevated Health, LLC. Pet. Ex. 2 at 6.

17. Testimony about the company's response to the 2017 CID, its document preservation, and its records management system are relevant to our investigation because that information provides context and helps us understand Fully Accountable's responses to date. Testimony in these areas will also go to show whether Fully Accountable has failed to produce or preserve information that is responsive to the CID.

18. Elevated Health is an Ohio limited liability company formed by Sarah Scava in December 2016. Based on our investigation, the company (like the Group A and Group B Entities) appears to be involved in marketing products to consumers over the internet. Recent public filings indicate that Sarah Scava was involved with Elevated Health while she was a Fully Accountable employee and also that Elevated Health has been a "client" of Fully Accountable. *See* Pet. Ex. 4 at 6; Pet. Ex. 5 at 4, 7, 8; *Fully Accountable I*, Doc. 21 at 19.[1] In addition, Elevated Health has displayed on its website a business address that is the address of a property owned by the wife of former Fully Accountable CEO (and current CFO) Chris Giorgio. We therefore have substantial reason to explore the connections among Fully Accountable and its associated entities and individuals with Elevated Health, and to seek more information about Elevated Health's business.

19. The Commission issued a CID to Sarah Scava on September 10, 2018 (the 2018 Sarah Scava CID). Pet. Ex. 3 at 3. The 2018 Sarah Scava CID also seeks only testimony through an Investigational Hearing. Again, given the timeline of the

---

[1] Citations to docket entries are to page numbers in ECF-added headers.

investigation, and the difficulty in obtaining written responses and documents related to Fully Accountable, we concluded that testimony would be the most direct and efficient way to elicit information from Sarah Scava.

20. The 2018 Sarah Scava CID calls for her personal testimony on 13 topics, including her work with Fully Accountable, her involvement with Elevated Health and its business, and the relationships among Sarah Scava, Elevated Health, and other entities and individuals at issue in the investigation. Pet. Ex. 3 at 6-7. Like the CID to Fully Accountable, the information sought by this CID is relevant to the investigation because it provides further information about the relationships between and among Fully Accountable and related entities and individuals.

21. Both of the 2018 CIDs were authorized under the three resolutions described above. Pet. Ex. 2 at 9-11; Pet. Ex. 3 at 10-12. Further, the CIDs both contained a "Subject of Investigation" statement that summarized this authority and applied it specifically to the Fully Accountable investigation. That statement provided that the Commission was investigating

> [w]hether Fully Accountable, the Group A Entities, or the Group B Entities . . . and related entities or individuals, have made or participated in making, in any respect, false, misleading, or unsubstantiated representations in connection with the marketing of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45 and 52, or have engaged in deceptive or unfair acts or practices by charging or participating in the charging, in any respect, for consumer products without consumers' authorization, in violation of Section 5 of the FTC Act, and whether Commission action to obtain monetary relief would be in the public interest.

Pet. Ex. 2 at 5-6; Pet. Ex. 3 at 5-6

22. In issuing the 2018 CIDs, the Commission followed all the procedures and requirements of the FTC Act and its Rules of Practice and Procedure. *See, e.g.*, 15 U.S.C. §§ 57b-1(c)(2), (c)(6), (c)(7); 16 C.F.R. § 2.7. The CIDs were properly signed by Commissioner Rohit Chopra pursuant to the resolutions as required by Section 20 of the FTC Act. *See* Pet. Ex. 2 at 3; Pet. Ex. 3 at 3; *see also* 15 U.S.C. § 57b-1(i); 16 C.F.R. § 2.7(a). The FTC served the CIDs on Fully Accountable and on Sarah Scava on September 11, 2018. *See* 15 U.S.C. §§ 57b-1(c)(8), (c)(9); 16 C.F.R. §4.4(a)(3). The 2018 Fully Accountable CID was delivered and signed for by an individual named "Scava" on September 13, 2018. The 2018 Sarah Scava CID was delivered and signed for by an individual named "Scava" on September 14, 2018.

23. Following service of the CIDs, I had a call with Fully Accountable's counsel, Rachel Scava, on September 24, 2018, to discuss dates for Fully Accountable's testimony. She informed me that Fully Accountable intended to amend its responses to the 2017 CID which it had previously certified as complete. Following this phone call, Rachel Scava provided a supplemental response that now identified Sarah Scava as a former Fully Accountable employee. Neither in her emails nor in our discussion did Rachel Scava mention the 2018 Sarah Scava CID.

24. On September 27, 2018, I received an email from Rachel Scava indicating that she had received the 2018 Sarah Scava CID from Sarah Scava. Rachel Scava also confirmed that she was representing Sarah Scava for purposes of the CID issued to Sarah. In a call on September 28, 2018, Rachel Scava expressed that Sarah Scava was not available to appear as she had new employment and

could not take time off work. Rachel Scava requested that the Commission modify the 2018 Sarah Scava CID to require interrogatory responses only, in lieu of testimony.

25. During follow-up calls regarding the 2018 Sarah Scava CID, we offered to negotiate a time for the testimony during non-business hours on a Saturday and at a location convenient to Sarah Scava's home or work. In response, however, Rachel Scava informed us that her client would not appear for testimony at all, regardless of our offered accommodations, because sitting for testimony would be unduly burdensome. Rachel Scava continued to request that the Commission modify the 2018 Sarah Scava CID to require interrogatory responses only, and no testimony. Given our experience in the course of the investigation, this struck us as highly inefficient and we could not accept this modification.

26. On October 5, 2018, in the midst of these discussions, Fully Accountable filed with the Commission a petition to limit or quash the 2018 Fully Accountable CID for testimony, claiming that the CID sought information irrelevant to and outside of the scope of the investigation. Fully Accountable also claimed that the CID for testimony was unduly burdensome. Pet. Ex. 4.

27. That same day, Elevated Health (not Sarah Scava), a non-party, also filed with the Commission a petition to limit or quash the 2018 Sarah Scava CID on various asserted grounds, including that the CID was unreasonable because Sarah Scava was no longer involved with Elevated Health, that the CID sought information outside of the scope of the investigation, and that Sarah Scava should

be permitted to provide written responses in lieu of testimony. Pet. Ex. 5. The filing by Elevated Health (rather than Sarah Scava) surprised us, as Rachel Scava had not informed us that she was representing Elevated Health in any of our conversations.

28. On November 19, 2018, the Commission issued a seven-page opinion denying both petitions to limit or quash. Pet. Ex. 6. Accordingly, the Commission ordered Sarah Scava to appear for testimony on November 29, 2018 and Fully Accountable to appear for testimony on November 30, 2018, or at the time, date, and location as Commission staff may determine. Pet. Ex. 6 at 7.

29. On November 26, 2018, I emailed Rachel Scava to confirm she had received notice that the petitions had been denied. She informed us that she was not available on the dates as set in the Commission's order, and requested that we suggest alternative dates. I replied with suggested alternate dates. Pet. Ex. 7 at 2.

30. On November 28, 2018, Fully Accountable filed a Petition to Enforce Petition to Quash and Limit. *Fully Accountable I*, Doc. 21. Shortly after the November 28, 2018 filing, Rachel Scava informed me by email that neither Fully Accountable nor Sarah Scava would schedule a hearing until a determination on that Petition was made by the Court. Pet. Ex. 7 at 1.

31. Fully Accountable's and Sarah Scava's refusal to comply with the Commission's CIDs have burdened, delayed, and hindered the Commission's investigation.

- 14 -

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 1, 2019

/s/ Harris A. Senturia
Harris A. Senturia, Staff Attorney
East Central Region Office
Federal Trade Commission