# Petition Exhibit 4

# Fully Accountable, LLC's Petition to Limit or Quash Civil Investigative Demand

# (Oct. 5, 2018)

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

|  |  |  |
|---|---|---|
| IN THE MATTER OF | ) ) ) ) ) ) ) ) ) ) | |
| FULLY ACCOUNTABLE, LLC | | FILE NO. 1723195 |

## FULLY ACCOUNTABLE, LLC'S PETITON TO
## LIMIT OR QUASH CIVIL INVESTITGATIVE DEMAND

RACHEL L. SCAVA
Ohio Bar No. 92694
Rachel.scava@fullyaccountable.com

*Counsel for Petitioner, Fully Accountable, LLC*

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

|  |  |  |
|---|---|---|
| IN THE MATTER OF | ) ) ) ) ) ) ) ) ) ) | |
| FULLY ACCOUNTABLE, LLC | | FILE NO. 1723195 |

**COMMISSIONERS**
**Christine S. Wilson, Chairman**
**Joseph J. Simons**
**Noah Joshua Phillips**
**Rohit Chopra**
**Rebecca Kelly Slaughter**

## FULLY ACCOUNTABLE, LLC'S PETITON TO LIMIT OR QUASH CIVIL INVESTITGATIVE DEMAND

Pursuant to 16 C.F.R. 2.7(d), Petitioner, Fully Accountable, LLC ("FA") petitions the Federal Trade Commission ("FTC") to limit or quash the Civil Investigative Demand ("CID") issued to FA on September 11, 2018 and received by FA on September 13, 2018. FA objects and seeks to quash and limit the CID as being improper and unenforceable for at least two (2) separate reasons: (1) the CID seeks information outside the scope of the FTC's original investigation; and (2) the CID is overly broad and unduly burdensome. Accordingly, FA respectfully petitions the FTC Commissioners to reasonably quash and limit the CID as requested below.

2

I. **LEGAL STANDARD**

By this Petition, FA does not challenge the FTC's statutory authority to investigate practices that it believes may constitute deceptive or unfair trade practices when used in the course of trade under 15 U.S.C 45(a). While this statue has granted the FTC this authority, its subpoena power under the statue is not limitless.[1] Limiting the powers of the FTC is especially necessary where, as here, the FTC is pursuing an unlimited inquiry where there is no limit on the scope of the investigation and it continues to issue new CID's to expand its search. The CID here is requesting testimony on broad topics from the previous CID which have been answered in full detail. In addition, to broadening the interrogatories and document specifications already responded to in full, the CID includes new Companies and persons that it is requesting information on that are not a part of any of the parties being investigated in the CID (FA, Group A and Group B entities).

Congress has provided the FTC with the authority to conduct reasonable investigations using investigatory tools such as subpoena's and CID's. This authority though, does not grant unlimited investigation authority and the federal courts are used as a safeguard against agency abuse.[2] The federal courts serve as an independent reviewing authority with "the power to condition enforcement upon observance to [a party's] valid interests.[3] Congress has continually denied to confer upon administrative agencies their own subpoena enforcement power. The reason they have not conferred this authority to the administrative agencies and kept the enforcement power with the federal courts is to "ensure that targets of investigations are accorded due process" and because federal courts will not act as rubber stamps on FTC CID's.[4]

---

[1] "A subpoena from the FTC is not self-enforcing." *Wearly v. FTC* 616 F.2d 662,665 (3d Cir. 1980).
[2] *See, e.g., Oklahoma Press Publishing Co. v. Walling*, 327 US 186, 208 (1946).
[3] *Wearly*, 616 F.2d at 655
[4] Sean Doherty, Commodity Futures Tradition Common v Collins: Is the Rationale Sound for Establishing an Exception to Subpoena Law for Tax Returns?, 7 DePaul Bus. L.J. 365, 376 (1995).

3

The United States Supreme Court established the recognized standard for whether an administrative agency's subpoena should be enforced in *U.S. v Morton Salt Co.*[5] In *Morton Salt*, the Supreme Court recognized that "a governmental investigation into corporate matters may be of such a sweeping nature and so unrelated to the matter properly under inquiry as to exceed the investigatory power."[6] The Supreme Court instructed that an agency's subpoena, like the CID at issue here, should not be enforced if it demands information that is (1) not "within the authority of the agency"; (2) "too indefinite"; or (3) not "reasonably relevant to the inquiry."[7]

Additionally, in Morton Salt, the Supreme Court recognized that if the corporation had objected and presented evidence concerning the excessive scope or breadth of the investigation, like FA is here, the corporation "could have obtained any reasonable modification necessary." [8]

In the application of the Morton Salt standard, Courts have consistently held that an administrative subpoena and other investigative demands must be "reasonable."[9] We see this application in *FTC v Texaco*, where the court found that the "disclosure sought must always be reasonable." When the federal court evaluates the disclosure, the court must consider whether an agency's demand is unduly burdensome.[10]

We further see this consideration of unduly burdensome in *SEC v. Arthur Young & Co.*, where the Court recognized that "the gist of the protection is in the requirement... that the disclosures sought shall not be unreasonable. Correspondingly, the need for moderation in the subpoena's call is a matter of reasonableness."[11] A CID that is "unduly burdensome or unreasonably broad" fails

---

[5] 338 US 632,652 (195).
[6] *Morton*, 338 US at 652.
[7] *Morton*, 338 US at 62.
[8] *Morton*, 338 US at 654
[9] *See e.g., United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 471 (2d Cir. 1966) ("the disclosure sought must always be reasonable"); *Texaco*, 555 F.2d at 881 ("the disclosure sought shall not be unreasonable").
[10] *FTC v Texaco, Inc.*, 555 F.2d 862,882 (DC Cir. 1977)
[11] *Arthur Young & Co.*, 584 F.2d at 1030

4

this test.[12] As such, the time, expense, and whether compliance threatens to unduly disrupt or seriously hinder normal business operations may be raised by a party challenging a civil investigative demand.[13]

Here, the CID's request for live testimony is unreasonable and it is unduly burdensome as FA has already answered the previous CID in full relating to the matter of the investigation. In addition to the testimony that is has already answered in interrogatories and document specifications, the Investigational Hearing Testimony is overly broad as includes new information not previously listed on the original CID and which is not relevant to the matter of the investigation. Lastly, the Investigational Hearing Testimony appears to be duplicative of requests already made and fully responded to by FA. FA has been more than cooperative with the FTC, producing 571 pages responsive to the Document Specifications, and otherwise been forthcoming with information sought by the FTC as seen from the thorough Interrogatory responses. Accordingly, FA respectfully requests that the Commission limit or quash the challenged Investigational Hearing Testimony as set forth below.

## II. OBJECTIONS

### A. The CID improperly seeks irrelevant information from FA that is outside the scope of the FTC's investigation and information that is overly broad with no limit.

The test for the relevancy of an administrative subpoena is "whether the information sought is 'reasonably relevant' to the agency's inquiry, as we see in *Morton*.[14] The CID as issue, must "not [be] so overbroad as to reach into areas that are irrelevant or immaterial... [and] the test is relevance to the specific purpose."[15] Accordingly, the CID should be limited or quashed because

---

[12] *Texaco*, 555 F.2d at 882
[13] *Texaco*, 555 F.2d at 882-83
[14] *FTC v. Anderson*, 631 F.2d 741, 745-46 (D.C. Cir. 1979).
[15] *Arthur Young and Co.*, 584 F.2d at 1028; 1030.

5

it demands Oral Testimony from FA that is not reasonably relevant to the FTC's investigation. For example, the Investigative Hearing Testimony topics include the following items:

6. All relationships between the Company and Elevated Health, LLC.

7. All relationships between the Company and Sarah Scava.

The FTC failed to limit the above two (2) requests to information and documents that relate to the purpose of the FTC's investigation The investigation as stated in the CID is "... to determine whether Fully Accountable, the Group A Entities, or the Group B Entities, each as defined in the CID, and related entities and individuals have made or participated in making in any respect, false, misleading, or unsubstantiated representations in connection with the marketing of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C 45 and 52, or have engaged in deceptive or unfair acts or practices by charging or participating in the charging, in any respect, for consumer products without consumers' authorization in violation of Section 5 of the FTC Act, ...". The above were not included as either FA, Group A or Group B Entities or Persons and are not related entities that are included in Group A and Group B Entities definitions, which are the subject of the investigation. Requiring oral testimony on companies and individuals that are not the subject of the investigation would require FA to answer questions on companies and individuals that are outside the scope of the investigation and have nothing to do with the investigation. It would be unreasonable to begin to include any client of FA as they are not the subject of the investigation. The FTC cannot require testimony that is not reasonably relevant and outside the scope of the FTC's investigation.[16] Accordingly, Item 6 and Item 7 should both be quashed by the Court for not being reasonably relevant to the investigation.

---

[16] *Morton,* 338 US at 652

6

Further, items 3 – 5 should be quashed as they ask FA to provide Oral Testimony on overly broad topics with no limits and which are not relevant to the investigation. Items 3 -5 are as follows:

3. All efforts made by the Company to locate information responsive to the CID issued on September 21, 2017, including the identities of all individuals involved in those efforts.

4. All efforts made by the Company to prevent the destruction of documents that are in any way relevant to the investigation, as instructed in the CID issued on September 21, 2017.

5. The Company's record management systems, systems for electronically stored information, and any other issues relevant compliance with the CID issued September 21, 2017.

The FTC failed to limit these requests to the matter of the investigation as stated above as they are overly broad with no limit on the inquiry. In addition, regarding Item 3. FA has already stated the identities of all the individuals involved in the preparation of the interrogatories and document specifications (Interrogatory S-10 in the CID issued September 21, 2017). With regard to Item 4. FA has stated its document retention policy (Interrogatory S-11 and Document Specification's S-16, S- 40) and even included in its responses on several occasions why information may/may not have been available, why, and the efforts that were made.

Lastly, with regard to item 5, to require FA to provide oral testimony on the subject stated would be overly broad and outside the scope of the investigation. FA business practices as a whole are not the subject of the inquiry and it's business practices are not reasonably relevant to the investigation.

Items 3 – 5 are overly broad and are not reasonably relevant to the investigation of the FTC. Therefore, the Court must quash or limit Items 3 – 5, where they request overbroad and/or any and all irrelevant information.

7

### B. The Investigational Hearing Testimony is unduly burdensome, unreasonable, and duplicative.

While Congress has provided the FTC with the authority to conduct reasonable investigations through the use of subpoena's and CID's, as the Court found in *FTC v Texaco*, the "disclosure sought must always be reasonable."[17] Further, the Court in *SEC v Arthur Young*, "the gist of the protection is the requirement...that the disclosures sought shall not be unreasonable. [18]Correspondingly, the need for moderation in the subpoena's call is a matter of reasonableness."[19] A CID that is "unduly burdensome or unreasonably broad fails this test.[20]

Accordingly, the CID should be limited or quashed because it demands Oral Testimony from FA that is unduly burdensome and unreasonably broad. For example, the Investigative Hearing Testimony topics include the following items:

1. All of the Company's responses to the Interrogatories set forth in the CID issued September 21, 2017.

2. All documents produced by the Company in response to the CID issued September 21, 2017.

It is unduly burdensome and completely unreasonable to request FA to provide Oral Testimony on Interrogatories and Document Specifications that it has already answered in full. To continually require FA to respond to the same inquiries, repeatedly, in different formats such as written and then oral, is unduly burdensome for a company. FA is a small business that requires its principals to participate in the day to day activities of the business and the repeated request of

---

[17] *Texaco,* 555 F.2d at 881
[18] *Arthur Young & Co.,* 584 F.2d at 1030
[19] *Arthur Young & Co.,* 584 F.2d at 1030
[20] *Texaco,* 555 F.2d at 882

8

the FTC to respond to the same inquiries, which have been responded to in full, forces FA to pull its principals off their day to day work and substantially burdens the business.

It is absolutely unreasonable to ask duplicative questions, that have been responded to in full, in various methods to somehow achieve a different response. Further, the way that the questions have been written above are overly broad and it is unreasonable to ask FA to prepare for questioning that has no limit. It is an abuse of power to have open ended questions in an investigation that has a specific purpose; especially when the inquiries have already been responded to. The authority of the FTC to continually issue CID's to FA with open ended questions on responses already provided in full is an abuse of the agency's power to investigate. Congress has repeatedly limited this power to "ensure that targets of investigations are accorded due process."[21]

Therefore, the Court must quash or limit Items 1 and 2 as they are unduly burdensome and unreasonably broad and fail the test as defined in *SEC v Arthur Young*.[22]

## CONCLUSION

For the foregoing reasons, FA respectfully requests that the Commission limit or quash the challenged Investigative Hearing Testimony as set forth above.

---

[21] Sean Doherty, Commodity Futures Tradition Common v Collins: Is the Rationale Sound for Establishing an Exception to Subpoena Law for Tax Returns?, 7 DePaul Bus. L.J. 365, 376 (1995).
[22] *Arthur Young & Co., 584 F.2d at 1030*

9

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to 16 C.F.R 2.7(d)(2), counsel for Petitioner conferred with Counsel, Harris Senturia, Esq on September 24, 2018 at 2 pm EST in a good faith effort to resolve. Counsel on file, Harris Senturia, Esq, states that oral testimony was the only option, and thus there has not been an agreement by the deadline to file this petition between the Counsel for the Petitioner and counsel on this file.

Respectfully Submitted,

Rachel L Scava (0092694)
Fully Accountable, LLC
2680 West Market St
Akron, Ohio 44333
Telephone: (216) 810 – 4705
Facsimile: (234) 542 – 1029
Email: rachel.scava@fullyaccountable.com
*Attorney for Respondent Fully Accountable, LLC*

10

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the following via overnight Federal Express and electronic mail on this 3rd day of October, 2018.

Harris A Senturia
1111 Superior Ave, Suite 200
Cleveland, Ohio 44114
hsenturia@ftc.gov

Donald Clark, Secretary
Federal Trade Commission
600 Pennsylvania Avenue, NW
Room H-113
Washington, DC 20580

RACHEL L. SCAVA

11