# **Petition Exhibit 5**

## Non-Party Elevated Health, LLC's Petition to Limit or Quash Civil Investigative Demand

### (Oct. 5, 2018)

 **FULLY ACCOUNTABLE**
Your Back Office Solution

**October 4, 2018**



Donald S. Clark, Secretary
Federal Trade Commission
600 Pennsylvania Ave, NW
Room H-113
Washington, DC 20580

    *RE:   Petition to Quash or Limit by Non-Party Elevated Health, LLC in the Fully Accountable, FTC Matter No. 1723195*

Dear Mr. Clark:

    Please accept this filing as Non-Party Elevated Health, LLC's Petition to Quash or Limit the Civil Investigative Demand that was issued to Elevated Health, LLC on September 11, 2018 and received by Elevated Health, LLC on Friday, September 14, 2018.

    Enclosed please find the original Petition to Limit or Quash for Elevated Health, LLC and twelve (12) copies of the same.

    Should you have any questions regarding these, please advise.

Very Truly Yours,

Rachel Lynn Scava, Esq
Attorney & Counselor at Law
P: 216.810.4705 ext 2203
E: Rachel.scava@fullyaccountable.com

*PUBLIC DOCUMENT*

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

FEDERAL TRADE COMMISSION
RECEIVED DOCUMENTS
OCT 0 5 2018
592 483
SECRETARY

|  |  |  |
|---|---|---|
| IN THE MATTER OF | ) | |
|  | ) | |
| FULLY ACCOUNTABLE, LLC | ) | FILE NO. 1723195 |
|  | ) | |

## NON-PARTY ELEVATED HEALTH, LLC'S PETITON TO LIMIT OR QUASH CIVIL INVESTITGATIVE DEMAND

RACHEL L. SCAVA
Ohio Bar No. 92694
Rachel.scava@fullyaccountable.com

*Counsel for Petitioner, Elevated Health, LLC*

1

*PUBLIC DOCUMENT*

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

| | | |
|---|---|---|
| | ) | |
| | ) | |
| IN THE MATTER OF | ) | |
| | ) | |
| | ) | |
| | ) | |
| FULLY ACCOUNTABLE, LLC | ) | FILE NO. 1723195 |
| | ) | |
| | ) | |

**COMMISSIONERS**
**Joseph J. Simons, Chairman**
**Noah Joshua Phillips**
**Rohit Chopra**
**Rebecca Kelly Slaughter**
**Christine S. Wilson**

## NON-PARTY ELEVATED HEALTH, LLC'S PETITON TO LIMIT OR QUASH CIVIL INVESTITGATIVE DEMAND

Pursuant to 16 C.F.R. 2.7(d), Petitioner, Elevated Health, LLC ("Elevated"), a non-party to this matter, petitions the Federal Trade Commission ("FTC") to limit or quash the Civil Investigative Demand ("CID") issued to Elevated on September 11, 2018 and received by Elevated on September 14, 2018. Elevated objects and seeks to quash and limit the CID as being improper and unenforceable for at least two (2) separate reasons: (1) the CID is unreasonable and unduly burdensome because it requires an individual who is not involved in Elevated, or, any of the entities defined in the matter as the subject of the investigation, to participate in Investigative Hearing Testimony; and (2) the CID is not reasonably relevant and the subjects are outside the scope of the investigation as it requests oral testimony by a Company that is a non-party to the investigation, by an individual who is not involved with any of the party's who are the subject of the

2

*PUBLIC DOCUMENT*

investigation, and, the hearing subjects are outside the scope of the investigative purpose of CID (as defined by the CID). Accordingly, Elevated respectfully petitions the FTC Commissioners to quash the CID in its entirety or dramatically limit its scope and breadth.

## I.    INTRODUCTION

On September 21, 2017, the FTC issued a Civil Investigative Demand to Fully Accountable, LLC, to investigate if Fully Accountable, LLC, and specific entities and persons that the CID specifically defines as either Group A Entities or Group B Entities. The investigation as stated in the CID is "… to determine whether Fully Accountable, the Group A Entities, or the Group B Entities, each as defined in the CID, and related entities and individuals have made or participated in making in any respect, false, misleading, or unsubstantiated representations in connection with the marketing of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C 45 and 52, or have engaged in deceptive or unfair acts or practices by charging or participating in the charging, in any respect, for consumer products without consumers' authorization in violation of Section 5 of the FTC Act, …".

On September 11, 2018, the FTC issued Elevated a CID designating Sarah Scava ("Scava") as the representative by whom the FTC was requiring to provide oral testimony on the Investigational Hearing Topics listed in the CID. The subject of the investigation stated in the Elevated CID is the same investigation that was stated in the Fully Accountable, LLC (see above).

Elevated is not a Fully Accountable, a Group A Entity or a Group B Entity, as defined by the CID issued to Fully Accountable, LLC or Elevated. Further, Sarah Scava, the individual identified in the CID as the party who is to provide testimony on behalf of Elevated (a non-party to the matter), has not been involved with Elevated in any capacity since December 2017 and has not worked for Fully Accountable, LLC since January 2018.

3

The CID issued to Elevated requests oral testimony by Scava on inconsistent topics.  The CID requests information specifically about Scava and her involvement with various entities, requests information on Elevated, and then requests information on various other Companies and Individuals.  On its face, the CID appears to be requiring testimony on both Scava and Elevated although the CID has only been issued to Elevated.  Further, the CID has expanded the parties and relationships that are the matter of the investigation by asking Scava and Elevated's relationship to the various parties (also not the subject of the investigation) broadening the scope of the investigation through the CID of a non-party.  It is important to note, that Elevated and Scava are both non-parties to the investigation.

## II.     LEGAL STANDARD

By this Petition, Elevated does not challenge the FTC's statutory authority to investigate practices that it believes may constitute deceptive or unfair trade practices when used in the course of trade under 15 U.S.C 45(a).  While this statue has granted the FTC this authority, its subpoena power under the statue is not limitless.[1]  Limiting the powers of the FTC is especially necessary where, as here, the FTC is pursuing an unlimited inquiry where there is no limit on the scope of the investigation and it continues to issue new CID's to expand its search.  The CID here is requesting testimony on broad topics from two (2) non-parties.

Congress has provided the FTC with the authority to conduct reasonable investigations using investigatory tools such as subpoena's and CID's.  This authority though, does not grant unlimited investigation authority and the federal courts are used as a safeguard against agency abuse.[2]  The federal courts serve as an independent reviewing authority with "the power to condition

---

[1]     "A subpoena from the FTC is not self-enforcing." *Wearly v. FTC* 616 F.2d 662,665 (3d Cir. 1980).

[2]     *See, e.g., Oklahoma Press Publishing Co. v. Walling*, 327 US 186, 208 (1946).

4

enforcement upon observance to [a party's] valid interests.[3]  Congress has continually denied to confer upon administrative agencies their own subpoena enforcement power.   The reason they have not conferred this authority to the administrative agencies and kept the enforcement power with the federal courts is to "ensure that targets of investigations are accorded due process" and because federal courts will not act as rubber stamps on FTC CID's.[4]

The United States Supreme Court established the recognized standard for whether an administrative agency's subpoena should be enforced in *U.S. v Morton Salt Co.*[5]  In *Morton Salt*, the Supreme Court recognized that "a governmental investigation into corporate matters may be of such a sweeping nature and so unrelated to the matter properly under inquiry as to exceed the investigatory power."[6] The Supreme Court instructed that an agency's subpoena, like the CID at issue here, should not be enforced if it demands information that is (1) not "within the authority of the agency"; (2) "too indefinite"; or (3) not "reasonably relevant to the inquiry."[7]

Additionally, in Morton Salt, the Supreme Court recognized that if the corporation had objected and presented evidence concerning the excessive scope or breadth of the investigation, like FA is here, the corporation "could have obtained any reasonable modification necessary."[8]

In the application of the Morton Salt standard, Courts have consistently held that an administrative subpoena and other investigative demands must be "reasonable."[9] We see this application in *FTC v Texaco*, where the court found that the "disclosure sought must always be

---

[3]    *Wearly*, 616 F.2d at 655

[4]    Sean Doherty, Commodity Futures Tradition Common v Collins:  Is the Rationale Sound for Establishing an Exception to Subpoena Law for Tax Returns?, 7 DePaul Bus. L.J. 365, 376 (1995).

[5]    338 US 632,652 (195).

[6]    *Morton*, 338 US at 652.

[7]    *Morton*, 338 US at 62.

[8]    *Morton*, 338 US at 654

[9]    *See e.g., United States v. Constr. Prods. Research, Inc.,* 73 F.3d 464, 471 (2d Cir. 1966) ("the disclosure sought must always be reasonable"); *Texaco*, 555 F.2d at 881 ("the disclosure sought shall not be unreasonable").

*PUBLIC DOCUMENT*

reasonable." When the federal court evaluates the disclosure, the court must consider whether an agency's demand is unduly burdensome.[10]

We further see this consideration of unduly burdensome in *SEC v. Arthur Young & Co.*, where the Court recognized that "the gist of the protection is in the requirement… that the disclosures sought shall not be unreasonable. Correspondingly, the need for moderation in the subpoena's call is a matter of reasonableness."[11] A CID that is "unduly burdensome or unreasonably broad" fails this test.[12] As such, the time, expense, and whether compliance threatens to unduly disrupt or seriously hinder normal business operations may be raised by a party challenging a civil investigative demand.[13]

Here, the CID's request for live testimony by Scava is unreasonable and it is unduly burdensome as Scava has not been involved with Elevated since December of 2017 and has not been employed by Fully Accountable, LLC since January 2018. It is burdensome to take an individual who is not the subject of the investigation from their full – time employment and require live testimony on subjects that could be responded to in writing. In addition to the unreasonableness of requiring live testimony on subjects that could better and more efficiently be answered in interrogatories and document specifications, the Investigational Hearing Testimony is overly broad as includes the request for testimony on individuals and companies which are not the subject of the investigation and are thus no reasonably relevant to the investigation of the FTC. Accordingly, Elevated respectfully requests that the Commission limit or quash the challenged Investigational Hearing Testimony as set forth below.

---

[10]   *FTC v Texaco, Inc.*, 555 F.2d 862,882 (DC Cir. 1977)

[11]   *Arthur Young & Co.*, 584 F.2d at 1030

[12]   *Texaco*, 555 F.2d at 882

[13]   *Texaco*, 555 F.2d at 882-83

*PUBLIC DOCUMENT*

### III.   GENERAL OBJECTIONS TO THE CID

#### A.  The Investigational Hearing Testimony is unduly burdensome for Scava and unreasonable for Elevated.

While Congress has provided the FTC with the authority to conduct reasonable investigations through the use of subpoena's and CID's, as the Court found in *FTC v Texaco*, the "disclosure sought must always be reasonable."[14] Further, the Court in *SEC v Arthur Young* found, "the gist of the protection is the requirement…that the disclosures sought shall not be unreasonable. [15] Correspondingly, the need for moderation in the subpoena's call is a matter of reasonableness."[16] A CID that is "unduly burdensome or unreasonably broad fails this test.[17] Because of these standards, the CID should be quashed or significantly limited as it does not pass these tests.

It is unduly burdensome to require an individual who is not involved in the entity that has been issued the CID nor the Company that is being investigated to provide oral testimony. Scava has not been involved with Elevated in any capacity since December of 2017 and has not been involved in any capacity with Fully Accountable, LLC since January of 2018. The Investigative Hearing Testimony while cut and dry questions, are listed as "subjects" that will be discussed. There is no moderation of "reasonableness" in these "subjects" making them unreasonably broad. As stated, this type of unduly burdensome and unreasonably broad fails the test for reasonableness of a CID.[18]

---

[14]    *Texaco, 555* F.2d at 881
[15]    *Arthur Young & Co.,* 584 F.2d at 1030
[16]    *Arthur Young & Co.,* 584 F.2d at 1030
[17]    *Texaco,* 555 F.2d at 882
[18]    *Arthur Young & Co.,* 584 F.2d at 1030 and *Texaco,* 555 F.2d at 882.

7

It is an abuse of power to have open ended questions in an investigation that has a specific purpose; especially when the inquiries fall outside the scope of the investigation. The authority of the FTC to issue a CID to a non-party with open ended questions is the abuse of power that Congress has continually limited and reserved for the federal courts.

Therefore, the Court must quash or limit the Investigative Hearing topics as they are unduly burdensome and unreasonably broad and fail the test as defined in *SEC v Arthur Young*.[19]

### B.  The CID improperly seeks irrelevant information from Elevated/Scava that is outside the scope of the FTC's investigation and information that is overly broad with no limit.

The test for the relevancy of an administrative subpoena is "whether the information sought is 'reasonably relevant' to the agency's inquiry, as we see in *Morton*.[20]  The CID at issue, must "not [be] so overbroad as to reach into areas that are irrelevant or immaterial... [and] the test is relevance to the specific purpose."[21]  Accordingly, the CID should be limited or quashed because it demands Oral Testimony from Elevated/Scava that is not reasonably relevant to the FTC's investigation.

The FTC failed to limit the requests to information and documents that relate to the purpose of the FTC's investigation  The investigation as stated in the CID is "... to determine whether Fully Accountable, the Group A Entities, or the Group B Entities, each as defined in the CID, and related entities and individuals have made or participated in making in any respect, false, misleading, or unsubstantiated representations in connection with the marketing of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C 45 and 52, or have engaged in deceptive or unfair acts or practices by charging or

---

[19]  *Arthur Young & Co., 584 F.2d at 1030*

[20]  *FTC v. Anderson*, 631 F.2d 741, 745-46 (D.C. Cir. 1979).

[21]  *Arthur Young and Co.*, 584 F.2d at 1028; 1030.

8

*PUBLIC DOCUMENT*

participating in the charging, in any respect, for consumer products without consumers' authorization in violation of Section 5 of the FTC Act, ...".

As you will see in the Specific Objections below, the oral testimony subjects exceed Fully Accountable, LLC, the Group A or Group B Entities or Persons and are not related entities that are included in Group A and Group B Entities definitions, which are the subject of the investigation. Requiring oral testimony on companies and individuals that are not the subject of the investigation would require Elevated/Scava to answer questions on companies and individuals that are outside the scope of the investigation. It would be unreasonable to question and produce testimony from a non-party on subjects that are not the subject of the investigation. The FTC cannot require testimony that is not reasonably relevant and outside the scope of the FTC's investigation.[22]

Accordingly, the Investigative Hearing Testimony should be quashed by the Court for not being reasonably relevant to the investigation and for being outside the scope of the investigation.

## IV.     SPECIFIC OBJECTIONS TO THE CID

With the above as a backdrop, Elevated asserts the following specific objections to the CID by Investigative Hearing Topic listed:

**TOPIC 1: Your employment (or other relationship) with Fully Accountable, including all titles Fully Accountable gave you or that you used, and your compensation.**

The CID that was issued, was issued to Elevated Health, LLC and not to Sarah Scava. This request is specific to Sarah Scava's employment with Fully Accountable, LLC. It is unreasonable to issue a CID to an entity and then ask questions that are not relevant to that entity in the investigation that is being conducted.

---

[22]     *Morton*, 338 US at 652

9

*PUBLIC DOCUMENT*

Further, this Investigative Hearing Topic subject is straightforward and can be answered simply. It is unduly burdensome to require Scava to provide oral testimony on this subject as it is cut and dry. The FTC should not be able to construe this as an open-ended question with no limit, as that would be abuse of their power to investigate.[23]

Thus, this Topic should be quashed in its entirety for asking an irrelevant question to Elevated. Should it be found that this topic is relevant, it should at minimum be limited to a written response by Scava, as, to construe this broadly would be inappropriate and abuse of the FTC's investigative authority. A written response would be appropriate as it is not unduly burdensome and is more efficient for both Scava and the FTC.

**TOPIC 2: Work that you performed for Fully Accountable and its clients, including any work you performed for any of the Group A Entities or Group B Entities.**

The CID that was issued was issued to Elevated Health, LLC and not to Sarah Scava. This request is specific to the work that Sarah Scava performed when she was employed with Fully Accountable, LLC. It is unreasonable to issue a CID to an entity and then ask questions that are not relevant to that entity and its role in the investigation being conducted.

Further, this Investigative Hearing Topic subject is straightforward and can be answered simply. It is unduly burdensome to require Scava to provide oral testimony on this subject as it is cut and dry. The FTC should not be able to construe this as an open-ended question with no limit, as that would be abuse of their power to investigate.[24]

Thus, this Topic should be quashed in its entirety for asking an irrelevant question to Elevated. Should it be found that this topic is relevant, it should at minimum be limited to a written response by Scava, as, to construe this broadly would be inappropriate and abuse of the FTC's

---

[23] *See, e.g., Oklahoma Press Publishing Co. v. Walling*, 327 US 186, 208 (1946).
[24] *See, e.g., Oklahoma Press Publishing Co. v. Walling*, 327 US 186, 208 (1946).

10

*PUBLIC DOCUMENT*

investigative authority. A written response would be appropriate as it is not unduly burdensome and is more efficient for both Scava and the FTC.

**TOPIC 3: The formation of Elevated Health.**

The CID that was issued stated that the subject of the investigation is "... to determine whether Fully Accountable, the Group A Entities, or the Group B Entities, each as defined in the CID, and related entities and individuals have made or participated in making in any respect, false, misleading, or unsubstantiated representations in connection with the marketing of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C 45 and 52, or have engaged in deceptive or unfair acts or practices by charging or participating in the charging, in any respect, for consumer products without consumers' authorization in violation of Section 5 of the FTC Act, ..."

Elevated Health is not defined as either Fully Accountable, a Group A Entity, or a Group B Entity. The formation of Elevated Health is not reasonably relevant to the investigation as its formation does not help in determination of if the parties being investigated participated or engaged in any of the activities stated.

Thus, because this information is outside the scope of the investigation and it is not reasonably relevant to the investigation, this topic should be quashed in its entirety.

**TOPIC 4: The business of Elevated Health, including but not limited to, Elevated Health's business model and business practices, all sources of revenue and investment, and the disposition of funds.**

As stated for Topic 3, Elevated Health is not defined as either Fully Accountable, a Group A Entity, or a Group B Entity. The business of Elevated Health, including but not limited to, Elevated Health's business model and business practices, all sources of revenue and investment,

11

PUBLIC DOCUMENT

and the disposition of funds of Elevated Health is not reasonably relevant to the investigation as this information does not help in the determination of if the parties being investigated participated or engaged in any of the activities stated. Further, the business practices of Elevated are not in question and the information that would be provided in this topic is outside the scope of the investigation and is unreasonably irrelevant.

Thus, because this information is outside the scope of the investigation and it is not reasonably relevant to the investigation, this topic should be quashed in its entirety.

**TOPIC 5: Your role or roles with Elevated Health, and all income you received from Elevated Health.**

This Investigative Hearing Topic subject is straightforward and can be answered simply. It is unduly burdensome to require Scava to provide oral testimony on this subject as it is cut and dry. The FTC should not be able to construe this as an open ended question with no limit, as that would be abuse of their power to investigate. [25]

Thus, this Topic should at minimum be limited to a written response by Scava, as, to construe this broadly would be inappropriate and abuse of the FTC's investigative authority. A written response would be appropriate as it is not unduly burdensome and is more efficient for both Scava and the FTC.

**TOPIC 6: Any other person's role or roles in connection with Elevated Health, including but not limited to Rachel Scava's role or roles in connection with Elevated Health.**

This Investigative Hearing Topic subject is straightforward and can be answered simply. It is unduly burdensome to require Scava to provide oral testimony on this subject as it is cut and

---

[25] *See, e.g., Oklahoma Press Publishing Co. v. Walling*, 327 US 186, 208 (1946).

12

PUBLIC DOCUMENT

dry. The FTC should not be able to construe this as an open ended question with no limit, as that would be abuse of their power to investigate. [26]

Thus, this Topic should at minimum be limited to a written response by Scava, as, to construe this broadly would be inappropriate and abuse of the FTC's investigative authority. A written response would be appropriate as it is not unduly burdensome and is more efficient for both Scava and the FTC.

### TOPIC 7: All relationships between Elevated Health and Fully Accountable.

This Investigative Hearing Topic subject is straightforward and can be answered simply. It is unduly burdensome to require Scava to provide oral testimony on this subject as it is cut and dry. The FTC should not be able to construe this as an open ended question with no limit, as that would be abuse of their power to investigate. [27]

Thus, this Topic should at minimum be limited to a written response by Scava, as, to construe this broadly would be inappropriate and abuse of the FTC's investigative authority. A written response would be appropriate as it is not unduly burdensome and is more efficient for both Scava and the FTC.

### TOPIC 8: All relationships between Elevated Health and Group A or Group B Entities.

This Investigative Hearing Topic subject is straightforward and can be answered simply. It is unduly burdensome to require Scava to provide oral testimony on this subject as it is cut and dry. The FTC should not be able to construe this as an open ended question with no limit, as that would be abuse of their power to investigate. [28]

---

[26] See, e.g., Oklahoma Press Publishing Co. v. Walling, 327 US 186, 208 (1946).
[27] See, e.g., Oklahoma Press Publishing Co. v. Walling, 327 US 186, 208 (1946).
[28] See, e.g., Oklahoma Press Publishing Co. v. Walling, 327 US 186, 208 (1946).

13

*PUBLIC DOCUMENT*

Thus, this Topic should at minimum be limited to a written response by Scava, as, to construe this broadly would be inappropriate and abuse of the FTC's investigative authority. A written response would be appropriate as it is not unduly burdensome and is more efficient for both Scava and the FTC.

**TOPIC 9: All relationships between Elevated Health and any of the following entities: Scava Holdings, LLC; CMG Tax and Consulting, LLC; VEF International, Inc; and TCWT Holdings, LLC.**

As stated for Topic 3, Elevated Health is not defined as either Fully Accountable, a Group A Entity, or a Group B Entity. The relationships of Elevated Health, and Scava Holdings, LLC; CMG ax and Consulting, LLC; VEF International, Inc; and TCWT Holdings, LLC is outside the scope of the investigation. It is not reasonably relevant to require the disclosure of this information because it does not help in the determination of if the parties being investigated participated or engaged in any of the activities stated. Further, asking this information is a fishing tactic that is an abuse of power by the FTC.

Thus, because this information is outside the scope of the investigation and it is not reasonably relevant to the investigation, this topic should be quashed in its entirety.

**TOPIC 10: All relationships between Elevated Health and any entity you know or understand to be connected, directly or indirectly, with you, Rachel Scava, Christopher M Giorgio, or Vincent Fisher.**

As stated for Topic 3, Elevated Health is not defined as either Fully Accountable, a Group A Entity, or a Group B Entity. The relationships of Elevated Health, and any entity you know or understand to be connected, directly or indirectly, with you, Rachel Scava, Christopher M Giorgio, or Vincent Fisher is outside the scope of the investigation. It is not reasonably relevant to require

14

the disclosure of this information because it does not help in the determination of if the parties being investigated participated or engaged in any of the activities stated. Further, asking this information is a fishing tactic that is an abuse of power by the FTC.

Thus, because this information is outside the scope of the investigation and it is not reasonably relevant to the investigation, this topic should be quashed in its entirety.

**TOPIC 11: Work that you performed for any of the Group A Entities or Group B Entities outside of the scope of your employment (or other relationship) with Fully Accountable, and all income you received from any of those entities.**

The CID that was issued was issued to Elevated Health, LLC and not to Sarah Scava. This request is specific to Sarah Scava and the work that she performed for the Group A and Group B Entities. It is unreasonable to issue a CID to an entity and then ask questions that are not relevant to that entity and its role in the investigation being conducted.

Further, this Investigative Hearing Topic subject is straightforward and can be answered simply. It is unduly burdensome to require Scava to provide oral testimony on this subject as it is cut and dry. The FTC should not be able to construe this as an open ended question with no limit, as that would be abuse of their power to investigate. [29]

Thus, this Topic should be quashed in its entirety for asking an irrelevant question to Elevated and the investigation. Should it be found that this topic is relevant, it should at minimum be limited to a written response by Scava, as, to construe this broadly would be inappropriate and abuse of the FTC's investigative authority. A written response would be appropriate as it is not unduly burdensome and is more efficient for both Scava and the FTC.

---

[29] *See, e.g., Oklahoma Press Publishing Co. v. Walling*, 327 US 186, 208 (1946).

15

*PUBLIC DOCUMENT*

**TOPIC 12: Work that you performed for any of the following entities, and all income you received from them: Scava Holdings, LLC; CMG Tax and Consulting, LLC; VEF International, Inc; and TCWT Holdings, LLC.**

The CID that was issued was issued to Elevated Health, LLC and not to Sarah Scava. This request is specific to Sarah Scava and the work that she performed for the Scava Holdings, LLC, CMG Tax & Consulting, LLC, VEF International, LLC and TCWT Holdings, LLC. It is unreasonable to issue a CID to an entity and then ask questions that are not relevant to that entity and its role in the investigation being conducted.

Further, this Investigative Hearing Topic is outside the scope of the investigation as the business and practices of these entities are not the subject of the investigation. The work that may or may not have been performed by Scava for these entities will not contribute in any capacity to the determination of the subject of the investigation. It is unduly burdensome to require Scava to provide oral testimony on this subject as it is outside the scope of the investigation and not reasonably relevant to the

Thus, this Topic should be quashed in its entirety for asking an irrelevant question to Elevated and the investigation. It should further be quashed in its entirety as the subject of the topic is outside the investigation and does not provide any facts that assist in the determination of the matter of the subject.

**TOPIC 13: Work that you performed, directly or indirectly for any entity you understand to be connected, directly or indirectly, with Rachel Scava, Christopher M. Girogio, or Vincent Fisher outside the scope of your employment (or relationship) with Fully Accountable, and all income you received from any such entities.**

16

The CID that was issued was issued to Elevated Health, LLC and not to Sarah Scava. This request is specific to Sarah Scava and the work that she performed for Rachel Scava, Christopher M. Giorgio, and Vincent Fisher. It is unreasonable to issue a CID to an entity and then ask questions that are not relevant to that entity and its role in the investigation being conducted.

Further, this Investigative Hearing Topic subject is straightforward and can be answered simply. It is unduly burdensome to require Scava to provide oral testimony on this subject as it is cut and dry. The FTC should not be able to construe this as an open ended question with no limit, as that would be abuse of their power to investigate. [30]

Thus, this Topic should be quashed in its entirety for asking an irrelevant question to Elevated and the investigation. Should it be found that this topic is relevant, it should at minimum be limited to a written response by Scava, as, to construe this broadly would be inappropriate and abuse of the FTC's investigative authority. A written response would be appropriate as it is not unduly burdensome and is more efficient for both Scava and the FTC.

## CONCLUSION

For the foregoing reasons, FA respectfully requests that the Commission limit or quash the challenged Investigative Hearing Testimony as set forth above.

---

[30] *See, e.g., Oklahoma Press Publishing Co. v. Walling*, 327 US 186, 208 (1946).

17

*PUBLIC DOCUMENT*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to 16 C.F.R 2.7(d)(2), counsel for Petitioner conferred with Counsel, Harris Senturia, Esq on September 29, 2018 at 12:00 pm EST October 1, 2018, and October 3, 2018 in a good faith effort to resolve. Counsel on file, Harris Senturia, Esq and counsel for Elevated Health, LLC have not been able to reach an agreement by the deadline to file this petition.

Respectfully Submitted,

Rachel L Scava (0092694)
Fully Accountable, LLC
2680 West Market St
Akron, Ohio 44333
Telephone: (216) 810 – 4705
Facsimile: (234) 542 – 1029
Email: rachel.scava@fullyaccountable.com
*Attorney for Petitioner Elevated Health, LLC*

18

*PUBLIC DOCUMENT*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the following via overnight Federal Express and electronic mail on this 3ᵗʰ day of October, 2018.

Harris A Senturia
1111 Superior Ave, Suite 200
Cleveland, Ohio 44114
hsenturia@ftc.gov

Donald Clark, Secretary
Federal Trade Commission
600 Pennsylvania Avenue, NW
Room H-113
Washington, DC 20580

_____
RACHEL L. SCAVA