# **Petition Exhibit 6**

Order Denying Petitions to Limit or Quash
Civil Investigative Demands

(Nov. 19, 2018)

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:        Joseph J. Simons, Chairman
                            Noah Joshua Phillips
                            Rohit Chopra
                            Rebecca Kelly Slaughter
                            Christine Wilson

| | |
|---|---|
| **In the Matters of** ) | File No. 1723195 |
| ) | November 19, 2018 |
| **CIVIL INVESTIGATIVE DEMAND TO** ) | |
| **FULLY ACCOUNTABLE, LLC DATED** ) | |
| **SEPTEMBER 10, 2018** ) | |
| ) | |
| **and** ) | |
| ) | |
| **CIVIL INVESTIGATIVE DEMAND TO** ) | |
| **SARAH SCAVA DATED SEPTEMBER 10, 2018** ) | |
| ) | |
| ) | |

ORDER DENYING PETITIONS TO LIMIT AND QUASH
CIVIL INVESTIGATIVE DEMANDS

**By WILSON, Commissioner:**

Fully Accountable, LLC ("Fully Accountable") and Elevated Health, LLC ("Elevated Health") petition to quash or limit civil investigative demands ("CID") for testimony issued by the Commission as part of the Commission's investigation of Fully Accountable and its relationships with various internet marketers of dietary supplements and other products. Fully Accountable seeks to quash or limit a CID seeking testimony by a company representative pursuant to FTC Rule 2.7(h), 16 C.F.R. § 2.7(h). Elevated Health, an affiliate of Fully Accountable, did not receive a CID. Nonetheless, it seeks to quash or limit a CID for testimony issued to Sarah Scava, a former employee of Fully Accountable with ties to Elevated Health.[1] For the reasons stated below, we deny the petitions.

---

[1]    Petitioners have not attached the challenged CIDs to their petitions. To assist the reader, we have therefore appended the CIDs hereto as Orders Exhibit 1 (CID issued to Fully Accountable) and Exhibit 2 (CID issued to Sarah Scava). Because of its relevance to resolution of the pending petitions, the CID for documents issued to Fully Accountable on September 21, 2017 is attached as Order Exhibit 3. Citations to text in these exhibits refer to Bates numbers appearing in the bottom margins.

## I.     Background

The challenged CIDs arise from the Commission's ongoing investigation of Fully Accountable, a company based in Fairlawn, Ohio. Fully Accountable provides back office services to internet marketers, including accounting, bookkeeping, and general business consulting. It also helps its clients to obtain and manage credit card payment processing accounts.

The Commission's investigation has focused on the services Fully Accountable provides to two groups of entities and the nature of Fully Accountable's relationships with these entities. The first group, called "Group A," consists of clients of Fully Accountable and includes several companies that market or have marketed dietary supplements online, including a supplement that purportedly reduces cognitive decline and related conditions. The second, called "Group B," includes several companies that appear to be affiliates of Fully Accountable. The purpose of the investigation is to determine whether, in providing services to these groups or others, Fully Accountable has engaged in unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C.

On September 21, 2017, the Commission issued a CID to Fully Accountable seeking the production of documents and interrogatory responses. Order Ex. 3. The CID included a "Subject of Investigation," which describes the subject of the investigation as follows:

> Whether Fully Accountable, the Group A Entities, or the Group B Entities . . . *and related entities and individuals*, have made or participated in making, in any respect, false, misleading, or unsubstantiated representations in connection with the marketing of consumer products, in violation of Sections 5 and 12 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45 and 52, or have engaged in deceptive or unfair acts or practices by charging or participating in the charging, in any respect, for consumer products without consumers' authorization, in violation of Section 5 of the FTC Act, and whether Commission action to obtain monetary relief would be in the public interest.

*See* Order Ex. 3 at 6 (emphasis added).

The CID defined "Fully Accountable" to include "its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing, including, but not limited to, Christopher Giorgio and Rachel Scava." Order Ex. 3 at 12. The CID similarly defined the Group A and Group B Entities to encompass several specifically identified corporate entities as well as their related entities and individuals.[2] *Id.* at 13-14.

---

[2]     Like the definition for "Fully Accountable" the definitions for Group A and Group B also included any "wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, successors, and affiliates, and all directors, officers, members,

At Fully Accountable's request, FTC staff modified the CID to allow the company to produce its documents and interrogatory responses on rolling deadlines spanning a four-week period in October and November 2017. Despite these modifications and extensions, Fully Accountable failed to produce *any* documents and its interrogatory responses omitted required details about its ownership, leadership, and organizational structure. Additionally, it provided only evasive answers to several interrogatory requests.

When Fully Accountable refused to address these deficiencies, the Commission instituted CID enforcement proceedings in the Northern District of Ohio. *See Federal Trade Commission v. Fully Accountable, LLC*, No. 5:18-mc-00054-SL (N.D. Ohio June 8, 2018). On August 13, 2018, the district court issued an order directing Fully Accountable to comply fully with the CID within 10 days. Fully Accountable made supplemental productions and submitted to the Commission a certificate of compliance. After FTC staff examined the supplemental productions, they determined that deficiencies remained. Accordingly, on September 21, 2018, the Commission filed a status report with the district court stating that the Commission does not "agree at this time that Fully Accountable has complied in full[,]" and further informed the court that it had "undertaken additional investigational steps to assess the completeness of the production and to move the matter forward generally." *Id.*, Doc. 15.

The two CIDs at issue constitute part of the "additional investigational steps" referenced in the Commission's status report. The CID issued to Fully Accountable requires the company to designate a witness to appear and testify at an FTC investigational hearing on seven topics. The designated topics include a description of the steps Fully Accountable took to comply with the earlier CID. Other topics include a description of Fully Accountable's relationship with a former employee, Sarah Scava, and with petitioner, Elevated Health, a firm that may be affiliated with or related to Fully Accountable.[3] *See* Order Ex. 1 at 6. A separate CID asks Sarah Scava to testify on 13 topics. Among other topics, the CID requires Ms. Scava to describe her relationship to Fully Accountable and Elevated Health as well as Elevated Health's relationships to Fully Accountable and other entities. *See* Order Ex. 2 at 6-7.

As required by FTC Rule 2.7(k), 16 C.F.R. 2.7(k), FTC staff and counsel for Fully Accountable – Rachel Scava – conferred by telephone on September 24, 2018. A few days later, counsel Rachel Scava called FTC staff, and stated that she also represented Sarah Scava. In a series of telephone calls between September 28 and October 3, 2018, she conferred with staff regarding possible modifications to the CID issued to Sarah Scava. During these telephone calls, FTC staff also offered to conduct the

---

employees, agents, consultants, and other persons" working on behalf of several specified individuals. Order Ex. 3 at 13-14.

[3] A search of public records shows that Sarah Scava registered Elevated Health LLC with the Ohio Secretary of State on December 20, 2016.

FTC Petition Exhibit 6

investigational hearing on a Saturday near Sarah Scava's personal residence, an offer that was rejected. Rachel Scava did not inform staff that she also represents Elevated Health until she filed the instant petition on behalf of that company, and did not meet or confer with staff, as required by the FTC's Rules of Practice, at any point in connection with Elevated Health.

## II.    Fully Accountable's CID is Relevant and Does Not Impose an Undue Burden

### A.    The CID Calls for Relevant Testimony.

Fully Accountable's principal challenge is to the relevance of the designated topics to the subject matter of the ongoing investigation. It contends that Specifications 6 and 7 – which call for testimony about the company's relationships with Elevated Health and Sarah Scava – fall outside the scope of the Commission's investigation. Fully Accountable Pet. 5-6. It also contends that Specifications 3, 4, and 5 – which require Fully Accountable to testify about the company's efforts to comply with the earlier CID, its document preservation practices, and its records management systems – is "overly broad," because, according to Fully Accountable, it provided the same information in its response to the earlier CID. *Id.* at 7. Fully Accountable also contends that Specifications 3, 4, and 5 fail to limit the topics to the subject matter of the inquiry and that its "business practices as a whole are not the subject of the inquiry and it's [sic] business practices are not reasonably relevant to the investigation." *Id.*

As courts have long observed, the purpose of an FTC investigation is to learn whether there is reason to believe that the law has been or is being violated and, if so, to ascertain whether the issuance of a complaint would be in the public interest. *See FTC v. Texaco, Inc.*, 555 F.2d 862, 872 (D.C. Cir. 1977) (*en banc*) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950)). In this context, the standard for relevance of administrative compulsory process is broad and more "relaxed" than in an adjudication. *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1090 (D.C. Cir. 1992). A CID request need not be limited to that information necessary to prove specific charges; to the contrary, it may call for documents and information that are relevant "to the investigation" – a boundary that may be broadly defined by the agency. *Id.*

Applying these standards here, we conclude that Fully Accountable's objections are meritless. Specifications 6 and 7 plainly and obviously relate to the FTC's investigation into Fully Accountable and its relationships with its clients, affiliates, and related companies and individuals. Those topics raised in the CID will help determine the existence and extent of the relationships between and among Fully Accountable, Sarah Scava, and Elevated Health. Specifications 3, 4, and 5 are also clearly relevant to assessing Fully Accountable's responses to the FTC's investigation. To advance the Commission's mission, FTC staff must be allowed latitude in taking steps to explore relevant topics by issuing supplemental process and taking testimony, particularly where, as here, a company has been lax in responding to the Commission's informational needs. These facts have particular relevance here, where Fully Accountable's responses to the earlier CID made its own document management a key issue and required the

FTC Petition Exhibit 6

Commission to seek judicial intervention. Indeed, the procedures that a company has adopted – or failed to adopt – in documenting its business practices as well as its efforts to respond to process are relevant in *any* investigation.

Fully Accountable's sweeping claim that "FA business practices as a whole are not the subject of the inquiry and it's [sic] business practices are not reasonably relevant to the investigation[,]" cannot be squared with the long established standards for relevance in administrative investigations. Fully Accountable appears to claim that the FTC may not investigate a systemic or enterprise-wide practice. But the question whether a particular practice pervades an organization is independent of the question whether a request for information about that practice qualifies as legally relevant; indeed, enterprise-wide practices are often the subject of Commission investigations. To the extent that the CID here asks Fully Accountable about the company's practices for document management, control, or disposal, these requests seek relevant information about why requested information was not provided in response to the initial CID.

## B.    The CID Does Not Impose Undue Burden.

Fully Accountable also asserts that the CID for testimony imposes undue burden because it requires the company to duplicate its responses to the original CID. It cites Specifications 1 and 2, which call for testimony about "the Company's responses to the Interrogatories set forth in the CID issued September 21, 2017[,]" and the "documents produced by the Company in response to the CID issued September 21, 2017." Fully Accountable Pet. 8-9. These objections are meritless.

We acknowledge that testifying in an investigational hearing imposes burdens, including the time and expense of legal preparation, disruption of normal business operations, travel time and expense, and commitment of personal time. Every CID places some degree of burden on the recipient, and is "necessary" to further an agency's inquiry and the public interest. *See, e.g., Texaco,* 555 F.2d at 882. But the standard for establishing that a CID imposes an *undue* burden on the recipient is a high one. Thus, to meet this standard, a CID recipient must show that a CID "threatens to unduly disrupt or seriously hinder" its normal business operations. *Id.; see also EEOC v. Maryland Cup Corp.,* 785 F.2d 471, 479 (4th Cir. 1986). Fully Accountable has not made such a showing.

In any investigation, a CID recipient's responses to interrogatories and document production specifications may leave questions unanswered. To enable FTC staff to move an investigation forward and ultimately to make appropriate recommendations to the Commission, FTC staff may need to convene an investigational hearing to further develop the facts. For this reason, the FTC Rules of Practice lay out detailed provisions for investigational hearings, including how they are to be conducted and the rights of witnesses. *See* 16 C.F.R. §§ 2.7(f), 2.9. The need to convene investigational hearings is particularly important in this instance, given the questions that have been raised about the adequacy of Fully Accountable's search for responsive materials and its document preservation practices. Because testimony provides a crucial opportunity for Commission

- 5 -

staff to obtain information and test a company's responses in real time, we find that the value to the Commission of investigational hearings outweighs any reasonable burdens they may impose.

### III.  As a Third Party, Elevated Health Is Not Entitled to File a Petition to Quash an FTC CID

Elevated Health, LLC seeks to quash or limit the CID issued to Sarah Scava on September 10, 2018. As an initial matter, we note that Elevated Health is mistaken in asserting that the CID in question was issued to Elevated Health, with Sarah Scava designated as the individual to provide testimony on behalf of the entity. *See* Elevated Health Pet. 3-4. In fact, the Commission did not issue a CID to Elevated Health. It issued the CID to Sarah Scava personally to testify on the basis of her own knowledge of the designated topics. *See* Order Ex. 2 at 1, 3, 6 (specifying Sarah Scava as CID recipient).

Given these circumstances, Elevated Health may not seek to limit or quash Ms. Scava's CID. Section 20(c) of the FTC Act, 15 U.S.C 57b-1(c), authorizes the Commission to issue a CID to "any person" the Commission has reason to believe has documents, tangible things, or information relevant to unfair or deceptive acts in or affecting commerce. In turn, Section 20(f)(1) states that after being served with a CID, "such person" may file a "petition for an order by the Commission modifying or setting aside the demand." 15 U.S.C. § 57b-1(f)(1). Section 20(f) makes no provision, however, for such a petition to be filed by any person other than the person served with the CID. *Id.* Because Elevated Health's petition is not properly before the Commission, we decline to consider any of the arguments it advances in support of its petition to quash or limit.

Even if Elevated Health could file such a petition, Elevated Health's failure to comply with the requirement that it meet and confer with FTC staff prior to filing means that its arguments are not properly before the Commission. The Commission takes this procedural requirement seriously, as shown by two separate provisions in the Commission's Rules. Rule 2.7(k) cautions that "[t]he Commission will not consider petitions to quash or limit absent a pre-filing meet and confer session with Commission staff and, absent extraordinary circumstances, will consider only issues raised during the meet and confer process." 16 C.F.R. § 2.7(k). Rule 2.10 then directs CID recipients to include with any petition to limit or quash a statement describing the circumstances and attendees at the conference with staff and further provides that "[f]ailure to include the required statement may result in a denial of the petition." 16 C.F.R. § 2.10(a)(2). While Rachel Scava met and conferred with FTC staff regarding the CID issued to Sarah Scava, we are informed that she stated that she was doing so on behalf of Ms. Scava, not Elevated Health. We thus understand that FTC staff was not even aware Rachel Scava represented Elevated Health until she filed the instant petition on behalf of the company. Nor has Elevated Health presented any "extraordinary circumstances" justifying a departure from these rules. Accordingly, the Commission declines to consider Elevated Health's arguments in support of its petition to quash or limit.

FTC Petition Exhibit 6

In any event, the arguments advanced by Elevated Health would not call for any limitations on the scope of inquiry for testimony set forth in the CID. Elevated Health's petition presents a number of repetitive arguments that, taken together, amount to the following objections: (1) the CID is unreasonable because Ms. Scava is no longer involved with the subject company, *see, e.g.*, Elevated Health Pet. 7; (2) the CID is unreasonable because it seeks information about entities and individuals outside of the scope of the investigation, *see id.* at 8-9, 11, 14, 16, 17; and (3) the CID's requests for testimony are unduly burdensome and Sarah Scava should be permitted to respond in writing. *See id.* at 10-15, 17.

These objections provide no basis for limiting or quashing the CID. It is entirely permissible for Commission staff to seek testimony from individuals formerly involved with subject companies, including former employees. Moreover, for the reasons discussed above, neither Sarah Scava nor Elevated Health falls outside of the scope of the investigation, which extends to entities and individuals "related" to Fully Accountable. *See, e.g.*, Order Ex. 2 at 1, 5-6, 10-12 (resolutions); *see also Invention Submission Corp.*, 965 F.2d at 1090. Furthermore, the Commission is well within its rights in this instance to elect to require live testimony as an investigatory tool pursuant to the FTC Act and its implementing regulations. *See* 15 U.S.C. § 57b-1(c)(1); 16 C.F.R. §2.7(f).

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Fully Accountable, LLC's Petition to Limit or Quash Civil Investigative Demand be, and hereby is, **DENIED.**

**IT IS FURTHER ORDERED THAT** Elevated Health, LLC's Petition to Limit or Quash Civil Investigative Demand is not properly before the Commission, and accordingly is **DENIED.**

**IT IS FURTHER ORDERED THAT** Sarah Scava shall comply in full with the Commission's Civil Investigative Demand and shall appear ready to testify on the specified topics at the designated location on **November 29, 2018** at **9:00 a.m.**, or at other such date, time, and location as FTC staff may determine.

**IT IS FURTHER ORDERED THAT** Fully Accountable, LLC shall comply in full with the Commission's Civil Investigative Demand and shall appear ready to testify on the specified topics at the designated location on **November 30, 2018** at **9:00 a.m.**, or at other such date, time, and location as FTC staff may determine.

By the Commission, Chairman Simons recused.

Donald S. Clark
Secretary

SEAL:
ISSUED: November 19, 2018